## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF RHODE ISLAND (PROVIDENCE)

| | |
|---|---|
| IN RE:<br><br>James Duckworth and Ceville Duckworth,<br>Debtors | |
| THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK as Trustee for CHL Mortgage Pass-Through Trust 2003-48 Mortgage Pass-Through Certificates, Series 2003-48,<br><br>VS.<br><br>James Duckworth and Ceville Duckworth | CHAPTER 7<br>CASE NO. 19-11955-DF |

### MOTION FOR RELIEF FROM STAY AND MEMORANDUM IN SUPPORT THEREOF

To the Honorable Diane Finkle:

THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK as Trustee for CHL Mortgage Pass-Through Trust 2003-48 Mortgage Pass-Through Certificates, Series 2003-48 ("Movant"), your moving party in the within Motion, hereby requests that the Court grant relief from the Automatic Stay imposed by 11 U.S.C. §362 and respectfully represents:

1. The movant has a mailing address of 8950 Cypress Waters Blvd., Coppell, TX 75019.

2. The debtors have a mailing address of 5229 Post Road, Charlestown, RI 02813.

3. On December 31, 2019, the debtors filed a petition under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Rhode Island.

4. The movant is the holder of a mortgage on real estate in the original amount of $491,000.00 given by James Duckworth and Ceville Duckworth to Mortgage Electronic Registration Systems, Inc. as nominee for America's Wholesale Lender on or about July 25, 2003. Said mortgage is recorded with the Records of Land Evidence in the Town of Charlestown at Book No. 246, Page No. 0795 as modified by a certain modification agreement covering the premises located at 5229 Post Road, Charlestown, RI 02813.  A copy of the mortgage, note, assignment, and loan modification are annexed hereto and marked as Exhibit A.



5.    Said mortgage secures a note given by James A. Duckworth and Ceville H. Duckworth to America's Wholesale Lender in the original amount of $491,000.00. THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK as Trustee for CHL Mortgage Pass-Through Trust 2003-48 Mortgage Pass-Through Certificates, Series 2003-48THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK as Trustee for CHL Mortgage Pass-Through Trust 2003-48 Mortgage Pass-Through Certificates, Series 2003-48 directly or through an agent, has possession of the promissory note and held the note at the time of filing of the Movant's Motion for Relief from the Stay.  The promissory note has been duly indorsed.

6.    There is no other collateral securing the obligation.

7.    Said mortgage was subject to the following assignments:

- Mortgage Electronic Registration Systems, Inc. as nominee for America's Wholesale Lender, its successors and assigns, recorded with the Records of Land Evidence in the Town of Charlestown as Document No. D0015379453 in Book No. 414 at Page No. 496.

8.    As of February 3, 2020, approximately $499,255.76 in principal, interest, late fees and other charges was due with regard to the movant's note and mortgage.  As a result of this motion, attorney's fees and costs of approximately $950.00 have accrued. This figure may increase as additional attorney's fees and costs accrue.

9.    According to the debtors Statement of Intention, the subject property is being surrendered.

10.    On February 3, 2020, the Chapter 7 Trustee docketed a Report of No Distribution.

11.    According to the debtors' schedules, the fair market value of the subject property is $447,800.00.

12.    The note and mortgage are in default for the July 1, 2019 payment and all payments thereafter, totaling $25,201.06, plus reasonable attorney's fees and costs and other charges incurred by the movant.

13.    The movant seeks relief from stay as a secured creditor to enforce its rights under its loan documents and applicable law. In support thereof, the movant states that it is entitled to relief:

    I.    Pursuant to 11 U.S.C. §362 (d)(1) for cause on the basis that the debtors are in default on said contractual obligations, the primary purpose of a Chapter 7 proceeding is to liquidate

      the assets of the debtors, there is no equity and the trustee has no motivation to liquidate the subject property; and

II.     Pursuant to 11 U.S.C. §362 (d)(2) on the basis that there is no equity in the subject property and, there being no reorganization in prospect, the property is not necessary for effective reorganization.

WHEREFORE, the movant prays that it, and its successors and/or assigns, be granted relief from the automatic stay for the purpose of: (i) exercising its rights under its agreements with the debtors and under applicable law, including, without limitation, taking possession of the mortgaged premises and/or foreclosing or accepting a deed in lieu of foreclosure of its mortgage on said premises; (ii) preserving its right to seek any deficiency to the extent permitted by state and federal law, including 11 U.S.C. §524(a); (iii) bringing such actions including, without limitation, eviction actions and proceedings as are permissible by law; and (iv) that the Court order such other and further relief as may be just and proper.

                          Respectfully submitted,
                          **THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK as Trustee for CHL Mortgage Pass-Through Trust 2003-48 Mortgage Pass-Through Certificates, Series 2003-48,**
By its Attorney

*/s/ Stefanie D. Howell*
Stefanie D. Howell, Esq.
RI Bar Number 7334
Harmon Law Offices, P.C.
PO Box 610389
Newton Highlands, MA 02461
(617) 558-0500
ribk@harmonlaw.com

Dated: *March 4, 2020*

**NOTICE**

**Within fourteen (14) days after service, if served electronically, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail or other excepted means specified, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise**